IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANN DALTON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-00687-N |
| | § | |
| INNOV8TIVE NUTRITION, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiffs Ann Dalton's and Ambitchious LLC's (collectively, "Dalton") application for preliminary injunction and writ of attachment [7]. Because Dalton fails to make a sufficient showing of irreparable injury, the Court denies her application for preliminary injunction. Further, because Dalton fails to show that she will likely lose her debt in the absence of attachment, the Court denies her application for writ of attachment.

### I. ORIGINS OF THE DISPUTE

This is a fraudulent transfer case. Dalton seeks to recover on a default judgment owed to her by a now-defunct company: Perfectly Posh. Dalton asserts claims for fraudulent transfer under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), alter ego liability, successor liability, intentional interference with economic relations, and civil conspiracy against Defendants Innov8tive Nutrition, Inc. ("Innov8tive"), PP Holdings Co., Inc. ("Perfectly Posh TX"), LaCore Enterprises LLC ("LaCore

MEMORANDUM OPINION AND ORDER – PAGE 1

Enterprises"), Mike Lohner, Terry LaCore, Jennifer Grace, Anna Brooks and Does 1–100.  Pls.' Am. Compl. 16–24 [6].

In December 2019, Dalton resigned from her position as CEO of Perfectly Posh. Pls.' App. 2 [8].  As part of her resignation, Dalton executed a Separation Agreement with Perfectly Posh that entitled her to receive certain future payments.  *Id.* at 2–3.  The following year, Perfectly Posh sued Dalton in Utah state court, alleging Dalton breached the Separation Agreement.  *Id.* at 3.  Dalton asserted multiple counterclaims, including breach of the Separation Agreement by Perfectly Posh.  *See id.*; Pls.' Ex. 4, at 19 [8-4]. Dalton and Perfectly Posh proceeded with the case and engaged in an ultimately unsuccessful mediation.  Pls.' App. 3.  Shortly after the mediation, Perfectly Posh ceased shipping orders and became insolvent.  *Id.* at 3–4.  Then, Perfectly Posh sold all its inventory to another entity: Innov8tive.  *Id.* at 5.

Following the sale, Jennifer Grace, a manager for Perfectly Posh, filed a statement of termination with the Utah Division of Corporations.  *Id.* at 6.  This caused Perfectly Posh to become an expired entity.  Subsequently, the Utah court entered a default judgment against Perfectly Posh on Dalton's counterclaims, awarding approximately $1.25 million in damages.  *Id.* at 4.

Then, Dalton alleges that LaCore Enterprises and Terry LaCore relaunched Perfectly Posh in Texas through another entity, Perfectly Posh TX.  *Id.* at 7.  Dalton now believes that Perfectly Posh TX is selling the assets transferred from Perfectly Posh to Inno8tive.  *Id.* at 8.  Through this series of events, Dalton alleges that the Defendants engaged in a scheme to hide Perfectly Posh's assets and prevent Dalton from collecting

MEMORANDUM OPINION AND ORDER – PAGE 2

her Separation Agreement payments and resulting default judgment. *See id.* at 1. She now moves for a preliminary injunction preventing the further dissipation of Perfectly Posh's assets, or alternatively, a writ of attachment. *Id.*

## II. THE COURT DENIES DALTON'S APPLICATION FOR PRELIMINARY INJUNCTION

To prevail on an application for preliminary injunction, Dalton bears the burden of persuasion on each required element. Because Dalton has not shown that irreparable harm will occur in the absence of an injunction, the Court denies her application for a preliminary injunction.

A preliminary injunction is "an extraordinary remedy." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain injunctive relief, a movant must establish (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that granting the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572–73 (5th Cir. 1974)). A preliminary injunction "is appropriate only if the anticipated injury is imminent and irreparable," *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975), and not speculative. *ADT, LLC v. Cap. Connect, Inc.*, 145 F. Supp. 3d 671, 694 (N.D. Tex. 2015); *see also Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient" to show irreparable harm.). "In general, a harm, is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). But

MEMORANDUM OPINION AND ORDER – PAGE 3

money damages may not be adequate in special circumstances such as where a decision on the merits would not be possible without an injunction. *Id.* The party seeking preliminary injunctive relief carries the burden of persuasion on all four elements. *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009).

Here, Dalton has failed to show that money damages will be an inadequate remedy. Dalton's primary interest in this case appears to be the satisfaction of the contract obligation and default judgment owed to her by the now-defunct Perfectly Posh. To that effect, she seeks to levy execution on the transferred assets, hold the individual defendants personally liable for Perfectly Posh's obligations, and recover money damages from all defendants. Pls.' Am. Compl. 24–25. But Dalton has not made any showing that an ultimate award of money damages against the subsequent transferees would be inadequate. She admits in her application that the entity defendants are ongoing businesses with product lines separate from the transferred assets at issue. Pls.' App. 23 (stating "both Innov8tive and Perfectly Posh (TX) have product lines separate and apart from sales of the Assets").

She has made no showing that either Innov8tive or Perfectly Posh TX is insolvent or likely to become insolvent. And she has not expressed any form of nonmonetary interest in the transferred assets that would make money damages inadequate. Her entire argument for irreparable injury is based on the fact that Perfectly Posh was insolvent at the time of the transfer and therefore she cannot recover against Perfectly Posh. *See* Pls.' App. 22; Pls.' Reply 7 [37]. But Perfectly Posh is not a defendant in this action. And an

inability to recover from Perfectly Posh says nothing about her future ability to recover from Innov8tive or Perfectly Posh TX on her fraudulent transfer claim.

Accordingly, the Court concludes that Dalton has not met her burden to show irreparable harm will occur in the absence of an injunction. Thus, the Court denies the application for preliminary injunction.

### III. THE COURT DENIES DALTON'S APPLICATION FOR WRIT OF ATTACHMENT

Federal Rule of Civil Procedure 64 provides for the seizure of property "to secure satisfaction of the potential judgment" in an action. FED. R. CIV. P. 64(a). A federal court applies the law of the state in which it sits to determine what remedies are available when no federal statute applies. *Id.* Under Texas law, writs of attachment are available prior to judgment. *See* TEX. CIV. PRAC. & REM. CODE § 61.003; *E.E. Maxwell Co. v. Arti Decor, Ltd.*, 638 F. Supp. 749, 752–53 (N.D. Tex. 1986). Nevertheless, attachment is considered to be a harsh remedy. *See, e.g.*, *In re Argyll Equities, LLC*, 227 S.W.3d 268, 271 (Tex. App. – San Antonio 2007, no pet.) ("Pre-judgment attachment is a particularly harsh, oppressive remedy."). Accordingly, the statutes and rules governing this remedy must be "strictly followed." *Id.*

A writ of attachment is available to a plaintiff if: "(1) the defendant is justly indebted to the plaintiff; (2) the attachment is not sought for the purpose of injuring or harassing the defendant; (3) the plaintiff will probably lose his debt unless the writ of attachment is issued; and (4) specific grounds for the writ exist." TEX. CIV. PRAC. & REM. CODE § 61.001. "In this context, debt means an 'obligation to pay a liquidated sum on an express or implied contract.'" *Royalty Clearinghouse, Ltd. v. CTS Props., Ltd.*,

MEMORANDUM OPINION AND ORDER – PAGE 5

2018 WL 5733175, at *3 (W.D. Tex. 2018) (quoting *Marsoft, Inc. v. United LNG, L.P.*, 2014 WL 5386094, at *9 (S.D. Tex. 2014)), *adopted by* 2018 WL 5733136 (W.D. Tex. 2018). The statute lists nine specific grounds, but a plaintiff need only satisfy one. *See* TEX. CIV. PRAC. & REM. CODE § 61.002. An application for a writ of attachment must be supported by an affidavit of a person having knowledge of relevant facts. TEX. R. CIV. P. 592; *Royalty Clearinghouse, Ltd.*, 2018 WL 5733175, at *3. The validity of the writ "does not depend on the truthfulness of the allegations of the affidavit or the petition but on compliance with the statute in making the affidavit." *E.E. Maxwell Co.*, 638 F. Supp. at 752 (citing *21 Turtle Creek Square, Ltd. v. N.Y. State Tchrs.' Ret. Sys.*, 425 F.2d 1366, 1369 (5th Cir. 1970)).

Here, Dalton fails to meet the third general requirement for issuance of a writ: that she will probably lose her debt unless the writ is issued. In her declaration, Dalton states that at the time of the transfer, nondefendant Perfectly Posh was insolvent. Dalton Decl. ¶ 11 [8-1]. She then states that this insolvency causes both Perfectly Posh *and its successors* to be unable to pay the default judgment. *Id.* ¶ 12. However, she does not provide any facts to corroborate the assertion that Perfectly Posh's successors (Innov8tive and Perfectly Posh TX) would be unable to pay the judgment. Dalton does not assert that Defendants have no other assets that could be used to satisfy a judgment or that Defendants themselves are insolvent (or soon to be insolvent). To the contrary, Dalton argues in her application that Perfectly Posh TX and Innov8tive are ongoing businesses with product lines separate from the transferred assets at issue. Pls.' App. 23.

Thus, Dalton has failed to establish her entitlement to a writ of attachment under Texas Civil Practice & Remedies Code § 61.001. *See Dental Res. Sys., Inc. v. Ashcraft*, 2020 WL 10866998, at *2 (N.D. Tex. 2020) (finding application for prejudgment writ of attachment deficient where the plaintiff failed to explain how defendant's cash-flow problem jeopardized plaintiff's ability to recover the debt); *Royalty Clearinghouse, Ltd.*, 2018 WL 5733175, at *4 (same where plaintiff did not show the defendant was insolvent); *Wash. Int'l Ins. Co. v. Rafael A. Morales, Inc.*, 2006 WL 8451646, at *1 (S.D. Tex. 2006) (same where plaintiff failed to allege that property at issue was the only asset of the defendant and that foreclosure of the property would render the defendant judgment proof). Accordingly, the Court denies Dalton's application for writ of attachment.

## CONCLUSION

The Court holds that Dalton has failed to show irreparable harm will occur in the absence of an injunction and therefore denies her application for preliminary injunction. The Court further holds Dalton is not entitled to a prejudgment writ of attachment under Texas law and accordingly denies her application for writ of attachment.

Signed December 5, 2024.

                                                David C. Godbey
                                  Chief United States District Judge